Mr. Smith, you may proceed. Good morning, Your Honors. Craig Smith, Counsel for SDVF. And I'm not going to go through the entire contents of my brief. I just wanted to highlight several points that I think draw attention. First of all, it's undisputed, it's an undisputed fact both in the district court and in this court that the default was set aside in the Delaware Bankruptcy Court by fraud on that court. The Cozzia did not dispute that evidence in the district court. They did not dispute that evidence in this court. They didn't even address it in their answering brief. It's also undisputed that SDVF was not a party to the Delaware Bankruptcy Court proceedings and had no notice of those proceedings. And I know that there was some confusion that I possibly represented meta investors, but I never did, and I did not have notice of those proceedings. If I could interrupt, didn't you have actual notice because a lot of the filings in the central district refer to the motion in Delaware? So if you just read those briefs, you would know this was happening in Delaware. Yes, I did know about the proceedings in Delaware, but I wasn't served with any papers. I didn't know of any dates. I wasn't served with process. I didn't have a chance to intervene. I had no other information about it. But if you knew about it, but this was a proceeding, there was a motion there, I mean, then you could have intervened in Delaware. Well, I mean, there's one thing to know about the existence of something but not have any pleadings, not have anything to address. I think the point that we might be trying to make is if you concede that you had actual notice, then why not file an opposition to the motion to vacate in the Delaware Bankruptcy Court? Why not take every measure available to you and your clients at that point to raise the very objections that you're now seeking to raise as a collateral attack? Well, you know, I'm not actually certain what day that I had actual notice, but I don't know how that I'm supposed to intervene in a case that I have no information about. Do you know what has happened? So when the default was set aside, that means the case can go forward? I asked my law clerk to look at the docket in Delaware, and it didn't seem like anything much has happened there. What is the status of the proceedings there? No, and that's the real curious issue here, that first of all, the trustees that were representing, that Meta was the trustee of the liquidating trust, and they had resolved the trust, and they had discharged the trustee, and they informed the Delaware Bankruptcy Court of all this. So they were really, you know, the propriety of them even appearing was sort of questionable because the trustee had already been discharged. But the court had set dates for the proceeding to go forward and for COSIA to answer and appear in that case, and they never did. And so that case just is sitting there. It didn't proceed. COSIA did not comply with the court's order to meet and confer and file their appearance and proceed in that case to actually litigate the merits. And have you sought to intervene there? No, because, you know, the procedural posture of that is that the default was set aside, and that became a final order before I had any knowledge of that. So once the default judgment was set aside, I had no standing in that case because I can't say I have an assiduity in a judgment that was set aside by that court. So I would have no way to intervene in that case once the time for reconsideration or appeal of that order expired. Was there any reason why you didn't file a notice to the Delaware Bankruptcy Court of the assignment from MEDA advisors to your client? Because that happened in Central District, but was there a reason why that notice wasn't filed in Delaware? Well, I know that from my perspective, I didn't file the document because I was not a party, my client was not a party to that case, so I wouldn't be just filing random documents. But if the interest has been assigned to your client, you can go and then say, look, MEDA advisors really isn't the party in interest, it's my client. MEDA advisors, COSIA, and the Bankruptcy Court were on notice of the assignment because in the opposition that was filed by MEDA advisors to the motion, they informed the court that the judgment had been assigned to a third party. So everybody was on notice of the assignment, and the Bankruptcy Court proceeded to set it aside anyway based on the false evidence that was presented by COSIA. I think the court doesn't know, maybe even a range of MEDA advisors, I mean it's ultimately the responsibility of the party to notify the court of the transfer of interest and make an appearance. I suppose that MEDA advisor should have done something more formal to advise the Bankruptcy Court, but they did advise the Bankruptcy Court, and the Bankruptcy Court was on notice and had actual knowledge that the judgment had been assigned. But I think that it gets more to the fundamental question here, and that is that my client had a property interest in that judgment, and COSIA clearly committed a fraud on the court to get it set aside, and yet the burden is somehow shifting to SDVF. I think improperly, I think that COSIA needs to answer for what they did in the Delaware Bankruptcy Court, and that before my client's rights in the judgment can be taken away, this issue needs to be litigated. And because it wasn't brought to the attention of the Bankruptcy Court, and in all fairness, it should be adjudicated by the district court before it sets aside the judgment. Why does the central district have authority to consider that argument? In particular, my question is about section 1963, and the text of that provision refers to the effect of a judgment, and it says that the district court can give effect to a judgment. You don't have a judgment, right? I mean, you think you should have a judgment. You think the judgment was taken away unfairly, but you do not have a judgment. So where does the central district get the authority to enforce a judgment when there isn't an actual judgment? Yeah, well, I mean, there is an actual judgment. There was a judgment that was registered in the central district, and when it was registered, it was a valid judgment. And so we have to look at the time of the registration, not what happened later. It sounds to me that really what you're doing is you're hanging your hat on this sole basis that you just described, which is at one point there was a judgment that was registered in the central district, and there was a writ of execution issued. And at that point, you made a strategic decision not to do anything more because your position was that we have this judgment that's been registered, and we have a writ of execution. That's all we need. And so you didn't oppose the motion to vacate in the Delaware Bankruptcy Court, and you decided to move forward with this strategy. But once that judgment was vacated, now I think you have to answer the question that Judge Miller has presented, which is there's no judgment anymore, and that strategy doesn't really play out because the statute requires a preexisting judgment. Well, I think that you're presupposing that there was some strategy employed. My client was not served with any process in the bankruptcy court and didn't have an opportunity to intervene. But you were aware that that motion had been filed. I was only aware just by virtue of the fact that they said that it had been filed. I didn't know when. I didn't know what it said. I didn't know what the basis was. I had no copy of the paperwork. The question I think that Judge Miller presented, which is how do we read the statute in any other way when the plain language requires a preexisting judgment? What do we do if there's no judgment anymore? So here's the issue. With the registration, there's a judgment in the central district, and how do we know that? Because despite the fact that the judgment was set aside in the Delaware Bankruptcy Court, my client was proceeding to execute on that judgment, and when the Delaware Bankruptcy Court set aside the default judgment, it was not self-executing. So something needed to happen to take the order from the Delaware Bankruptcy Court and apply it to what was going on in the central district. If this supposition is true, then the Delaware Bankruptcy Court's order would be self-executing, and the judgment in the central district would have just been immediately vacated, but it took a court order. It took adjudication. It took a proceeding in the central district. I know I'm running out of time, but I just want to point out that this is along the lines of those cases in the Fidelity case, and if you look at those cases, they clearly establish that a judgment, a valid judgment once registered has sort of a life of its own. And so even though the judgment in the Delaware Bankruptcy Court was vacated, it did take an order and an adjudication by the court in the central district to resolve the registered judgment, and I don't believe that the court should have done that summarily without considering any of my client's arguments. Thank you. We took you past your time, so we'll give you two minutes. I appreciate it. Thank you for your indulgence. Mr. Young. Good morning, Your Honors. May it please the Court. My name is Curtis Young, and I represent the appellee, COSIA USA LLC. I'm going to shift gears here. I had an outline of what I was going to present in terms of the arguments and the two issues which are outlined in the brief, but I'd like to right now address the court's questions that they asked in argument because I think they're important for the court to understand. In response to Judge Lee's question as to the actual notice, and which was followed up by Judge Desai, it is absolutely correct that SDF, the appellant, had actual notice in August of 2023 of the filing of COSIA's motion to set aside the default judgment, which was improperly obtained in the Delaware court, when we submitted our claim of exemption, when our client was shot in July of 2023 when their bank accounts were seized. So we set notice to SDF in our claim of exemption. Further, we filed that up when they filed a motion for determination of the claim of exemption. In our opposition papers, we also mentioned that we had filed the motion at that time, and so there's no doubt that SDF was clearly on notice as to this. Further, as you call it, my friend here, he states that there is this alleged fraud presented by COSIA when we submitted our papers to set aside that motion. That is the furthest from the truth. If there's any fraud or misrepresentation that's been presented by the court, without their respect, it's been presented by appellant or appellant's counsel, and because it is a blatant misrepresentation when counsel here appears before the court and says, I never represented Meta, the trustee, D'Asenor, because that is the furthest from the truth. In the record, in and of itself, and I will point specifically to this, in the entire California bankruptcy case that got dismissed, Mr. Smith was counsel of record that filed the original papers on behalf of Meta. There is, which is in the record, in the supplemental excerpts of record, in volume two, from pages 234 to 249, there are foundings that as of January of 2023, it is indicated here, which I am holding right now, that Mr. Smith is the attorney for Meta Advisors, LLC, and that he has filed his affidavit and request for issuance of a writ of execution, not once, but twice, in January of 2023 and in March of 2023. In the reply, not only before the court, but in the reply brief, on the first page, Mr. Smith says, I never represented Meta. He double downs on that by saying, on page three, I never represented Meta in any of the proceedings whatsoever. Well, if you look at these documents, which are on the record, he clearly represents Meta. And so he had clear notice that Meta, what was transpiring, not only in this California courts, but also as well as in Delaware. And further, to address also the questions, why didn't he file or intervene in that case? Exactly. Meta and SDF had clearly the opportunity to file a notice, a special request to receive special notice in the Delaware Bankruptcy Court. They failed to do so. What is your understanding of the current state of the proceedings in the Delaware Bankruptcy Court? That's a good question, Your Honor. Thank you. Actually, nothing has transpired since in the order. In the order, the judge asked that the parties meet and confer and get back to them. We've had efforts to do so with Meta, but nothing has happened on Meta's side. And it's really uncertain as to what has transpired in the Delaware Bankruptcy Court as to what is transpiring right now. And do you have a view on whether SDVF could, at this point, intervene in those proceedings? I do not. But if they wanted to, I would imagine they would be able to, because the law is clear that if they are truly a real party of interest, that they would have filed. If they were a real party of interest, they never even submitted an assignment agreement as to whether or not they were actually assigned to SDVF. But if they were a real party of interest, I would imagine that they would have taken the initiative to intervene. Or, let alone, why didn't Meta even file an appeal to the Third Circuit, which they failed to do? Also, Meta, as well as SDF, not even having intervened, they didn't even file an appeal to the District Court, because there's no appellate district in the Third Circuit. So they could have filed an appeal to the District Court to appeal the ruling, which was promptly issued by the Delaware Bankruptcy Court to set aside the default judgment. But they didn't do so. Is this court required to review the District Court's decision not to address the collateral attacks that were made to that decision by the Delaware Bankruptcy Court? No, it is not, Your Honor. The Lawson cases from this court alone have spoken on that issue. That is absolutely disfavored. In the Delson case, which this court ruled, made findings on, as well as the Arunian case, which in those cases are pretty much consistent with the facts here, that it is disfavored and that such decisions should be left for the rendering court, for the rendering court, which is the Delaware Court, for the issues of consistencies because of the comedy clause for judicial administration, judicial efficiency, the District Court was spot on when it made those rulings and findings. And so the District Court was absolutely 100% correct when it said, there's no need for us to go to that to rule and make those findings. And we've set forth in our brief a litany and a variety of cases for the court that the stand-in review here is clearly an abuse of discretion. It is not for someone to go back and look at the entire record as to what transpired here. I believe I have other arguments to make. I also would like to address Judge Asai as well as Judge Miller here, your questions as to the final judgment, the issue of 1963, and that when an existing judgment is vacated from the rendering court, then there is no judgment. And that is plain language. That is the plain language of the statute under 1963. It was also followed by Fidelity II, by this court, as well as other cases. And when that judgment is vacated, the purpose, the rationale, the intent, and the plain language of 1963 is absolutely clear. Do you think that's a limitation on the District Court's jurisdiction? I mean, once the judgment is vacated, does the District Court no longer have jurisdiction to entertain this proceeding? Or is it? I mean, I guess, should we think of 1963 as creating jurisdiction on the part of the central district or does jurisdiction come from something else, somewhere else, and 1963 is creating a cause of action? What's the right way to think of that? No, I think the issue of jurisdiction came about with the Fidelity II case, if that's what the court is asking. Well, this is not the principle of jurisdiction. I think he's asking about subject matter jurisdiction. Oh, subject matter jurisdiction. Okay, as to subject matter jurisdiction, it's our position that the District Court will not have subject matter jurisdiction if that judgment is entirely set aside. There's nothing, because there would be nothing before the court at that time. So on those notes and grounds and arguments, we submit to the court that the rulings by the District Court were absolutely correct and they should be affirmed. Thank you very much. Thank you, Mr. John. Yes, we have two minutes. Thank you. Appreciate that. First of all, I want to address this issue about my representation of META, and here's what happened. The writ of execution had to be in the name of META, and it just started this cascade of errors. I never represented META. As soon as I realized that that's what was unfolding, I made clear in all of my pleadings that I represented SDVF as the S&E of META. I made a mistake in the filing. I tried to clarify that as soon as I could. So, no, I never represented them. I never represented them in the bankruptcy court. I never represented them in this central district in the bankruptcy court. So any of that reference was absolute error. Now, with regard to the jurisdiction, of course the central district has jurisdiction because otherwise how in the world could COSIA have filed this motion? The motion had to be filed. The court had jurisdiction to consider this issue simply because they brought the motion and the central district had to address the judgment one way or the other. And in terms of reviewing the order, yes, there is a lot of case law, the Herensen and the other cases that say that it's disfavored, but what those cases stand for is when it's disfavored when you have the right to go to the other court and seek relief in that court. My client cannot go to the Delaware bankruptcy court and seek relief because all of the time has expired. So when another remedy is not available, then it's true that a district court in another district can't consider the order of another court, particularly when the order that they're considering was procured by fraud. And, again, just disavowing the fact that there was fraud doesn't cut it because the issue that was presented to the Delaware bankruptcy court was whether the officer that was served with the process was actually an officer. And Kosia went to that court and said, no, he's not an officer of the company, and that was false. And they did that in order to set aside the service of process, and the bankruptcy court relied on that fact. So the district court has jurisdiction, both subject matter jurisdiction and authority, to review the order of the Delaware bankruptcy court. Thank you. Thank you very much. Thank both counsel for the arguments. Thank you.
judges: MILLER, LEE, DESAI